IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| KENNETH ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-103 |
| | ) | |
| GOVERNOR KEMP; COMMISSIONER | ) | |
| OLIVER; STAN SHEPARD; WARDEN | ) | |
| WHITE; WARDEN JONES; WARDEN | ) | |
| EMMONS; WARDEN EVANS; WARDEN | ) | |
| MACFARLAND; and CAPTAIN KELLUM, | ) | |
| | ) | |
| Defendants.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

I.  BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

---

[1]The Court **DIRECTS** the **CLERK** to update the list of Defendants on the docket in accordance with the caption.  There is no Defendant "All Others at Georgia Department of Corrections."  Rather, the complaint states that all Georgia Department of Corrections officials are sued in their individual and official capacities, and provides a single address for "all other" Defendants who work for the Georgia Department of Corrections. (Doc. no. 1, pp. 1, 4.)

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

## II.   DISCUSSION

### A.   Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes: (1) Rogers v. Hall, Civ. Act. No. 5:06-cv-161 (M.D. Ga. June 21, 2006) (dismissed as frivolous); (2) Rogers v. Becker, Civ. Act. No. 1:05-cv-866 (N.D. Ga. May 2, 2005) (dismissed for failure to state a claim); and (3) Rogers v. Becker, Civ. Act. No. 1:02-cv-1842 (N.D. Ga. Oct. 28, 2002) (dismissed for failure to state a claim). United States District Court Judge Harold L. Murphy reminded Plaintiff of these

cases when dismissing a case filed in the Northern District of Georgia in 2021 because Plaintiff had accumulated three strikes.[2]  See Rogers v. Ward, Civ. Act. No. 4:21-cv-218, doc. nos. 2, 4 (N.D. Ga. Apr. 13, 2022).  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  See Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Sutton v. Dist. Att'y's Off., 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).  The Court must consider "not whether each specific physical condition or symptom complained of might constitute serious injury, but, rather, whether the complaint, as a whole, raises sufficient allegations."  Wright

---

[2]This was not the first time Judge Murphy had dismissed one of Plaintiff's cases in which he sought to proceed IFP because he had accumulated three strikes and did not satisfy the imminent danger exception.  See Rogers v. Sprayberry, Civ. Act. No. 4:16-cv-368, doc. nos. 3, 5 (N.D. Ga. Jan. 11, 2017).  United States District Judge Marvin H. Shoob also dismissed one of Plaintiff's cases in which he sought to proceed IFP because he had accumulated three strikes and did not satisfy the imminent danger exception.  See Rogers v. Becker, Civ. Act. No. 1:06-cv-2174, doc. no. 4 (N.D. Ga. Oct. 4, 2006).

3

v. Sprayberry, 817 F. App'x 725, 728 (11th Cir. 2020) (*per curiam*) (citing Mitchell, 873 F.3d at 874).

Plaintiff generally complains about his conditions of confinement at TSP, alleging he has witnessed use of excessive force against *other* inmates, overflowing toilets, and no correctional officers in the control booths. (See doc. no. 1, pp. 5-6; doc. no. 1-1.) Plaintiff also describes two incidents nearly a month prior to signing his complaint where pepper spray administered on inmates in a different cell filtered into his cell, but he provides no details of the circumstances under which the spray was employed, let alone provide any factual detail supporting a threat of serious physical injury to him based on a residual exposure to pepper spray. (Doc. no. 1, pp. 5-6.) Similarly, the alleged loss of personal property and "stare downs" by persons at TSP, (id.), do not show Plaintiff is in imminent danger of serious physical injury. To the extent Plaintiff alleges he was retaliated against by persons at Hays State Prison for filing grievances, (id.), there is no imminent threat against him because he is now housed at a different prison.

Plaintiff's allegations do not demonstrate *he* "faced 'a present imminent danger'" when he signed his complaint in November and filed his complaint in December of 2023. Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019) (*per curiam*) (citing Brown, 387 F.3d at 1349). His general or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Brown, 387 F.3d at 1350 (citing with approval Eighth Circuit precedent rejecting conclusory allegations as insufficient to satisfy imminent danger exception); Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 20212) (*per curiam*) (explaining "vague statements do not satisfy

4

the dictates of § 1915(g)); Sutton, 334 F. App'x at 279 (rejecting general claims of stress, anxiety, depression, and further deterioration of life as insufficient to satisfy imminent danger exception).

Without specific allegations that an injury is imminent or threatened to him – as opposed to the general population at TSP – Plaintiff does not satisfy the imminent danger exception. See Skillern, 202 F. App'x at 344; Brown, 387 F.3d at 1350; see also Odum v. Bryan Cnty. Jud. Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent). Thus, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

      **C.    The Complaint Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History**

The form on which Plaintiff submitted his claims requires that prisoner plaintiffs disclose whether they have filed any other lawsuits related to conditions of imprisonment and whether any such case in which they had been permitted to proceed IFP had been dismissed because it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 2-3.) The prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the disposition of the case(s), and if there is more than one such lawsuit, each case must be separately listed. (Id.) The form warns that failing to disclose all prior civil cases may result in dismissal of the current case and cautions that if the prisoner plaintiff is unsure of any prior cases, that fact must also be disclosed. (Id. at 2.)

Here, Plaintiff attested he had filed a case in the Northern District of Georgia sometime between 2001 and 2002 against "GDC/Georgia," which dealt with the same facts

as his current case, and he had filed an unspecified case(s) against "Judge Becker" in the Northern District of Georgia on a date(s) he could not remember. (Id. at 2.) He also acknowledged he had two cases, filed on unknown dates, against Judge Becker and the GDC that had been dismissed as frivolous, malicious, or failed to state a claim. (Id. at 3.) Beyond the Judge Becker cases and possible case(s) against "GDC/Georgia" in 2001-2002, Plaintiff did not disclose that there may be other cases he had filed, despite the warning he must disclose if he was unsure whether he had filed any other cases, (id. at 2).

However, as set forth above, Plaintiff has filed multiple federal cases in which he was allowed to proceed IFP and then had the case dismissed as frivolous or for failure to state a claim, and as recently as 2022, he had a case dismissed because he had accumulated "three strikes" and did not satisfy the imminent danger exception.[3] Although Plaintiff stated he did not remember the specific dates or docket numbers of his disclosed lawsuits, he did not indicate he had filed any other lawsuits than those against Judge Becker and those filed in 2001-2002 against "GDC/Georgia." Nor did he give any indication he was unsure of any other cases he may have filed, which as discussed herein, include cases filed in 2016 and 2021 against Defendants with the names Sprayberry and Ward.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

---

[3]As discussed in note 2, *supra*, Plaintiff has been denied IFP status at least two other times, dating back to 2006, because he has accumulated three strikes and did not satisfy the imminent danger exception of § 1915(g).

>The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of

7

dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).  Here, as described in detail above, Plaintiff failed to truthfully disclose his prior filing history.  Therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for abusing the judicial process.[4]

### III.   CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.

Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  Because the case is due to be dismissed, the Court also **REPORTS** and **RECOMMENDS** Plaintiff's requests for injunctive relief be **DENIED**.  (Doc. nos. 3-1, 3-2.)  If Plaintiff wishes to

---

[4]As Plaintiff is complaining about events that occurred once "[he] filed a grievance on 5/25/23," (doc. no. 1, p. 5), it appears Plaintiff may still timely re-file his § 1983 claims, should he choose to do so.  See Kline v. Warden, No. 21-12620-F, 2021 WL 9203812, at *2 (11th Cir. Dec. 22, 2021) (*per curiam*) (affirming dismissal without prejudice as sanction for dishonest filing history where plaintiff may timely re-file claims).  In any event, he is not entitled to proceed IFP in this case because of his status as a three-striker and would have to re-file a new case with the full filing fee, regardless of the alternative recommendation for dismissal based on failing to truthfully disclose his prior filing history.

proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 10th day of January, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA